[No. 20807.   Department One.   October 5, 1927.]

DALE T. JONES *et al., Respondents,* v. IRVIN WHIDDEN, *Appellant.*[1]

[1] NEGLIGENCE (17)—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF
DANGER.  A mechanic, in his own shop in full charge of the re-
pairs of a car under which he is working, with his head close
to the floor boards, must have had knowledge of the owner's
entering the car and removing the floor boards; and by con-
tinuing his work, he assumes the risks from a remotely possible
accidental striking of the starter, when the owner dropped a
board upon it.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered April 20, 1927,
upon findings in favor of the plaintiffs, in an action
for personal injuries, tried to the court.  Reversed.

*J. W. Graham,* for appellant.

*P. L. Pendleton* (*W. G. Palmer,* of counsel), for
respondents.

TOLMAN, J.—This is an appeal by the defendant
from a judgment rendered against him, after trial to
the court, in a personal injury action.

The facts are somewhat novel and are but little dis-
puted, except as to certain matters to which we will
give attention later.

Respondent Dale T. Jones, hereafter referred to as
though he were the sole respondent, was an automobile
mechanic, employed in his father's garage, in which
he had an interest, and at the time in question was, by
telephone communication, requested to go out and
obtain and tow into his shop a Ford car owned by the
appellant.  Having done so, it was determined that a
new bearing and certain other repairs were necessary,

[1]Reported in 259 Pac. 724.

and the car was placed upon the crank case stand in the shop of the respondent, thus raising it about three feet, so that respondent could work under the car in a nearly upright position. Respondent testified that the car was wholly under his control, and apparently the appellant, who was present, gave no directions as to how the work should be performed or at all, except as to what repairs were to be made.

Respondent further testified that he went to work under the car, standing nearly erect, with his head close to the engine, and was engaged in taking the cap off of the bearing on the No. 4 connecting rod, when the starter engaged, turning over the crank shaft and crushing his left hand against the engine block; that, when respondent went under the car to begin his work, the appellant was standing about five feet from the car; that he had not asked permission to enter or work upon the car, or given any notice of intent so to do (though appellant testified directly to the contrary); that he, respondent, did not hear the appellant mount the crank case stand or remove the floor boards, could not see him from his position under the car while he was at work, did not know that the appellant intended to enter the car, and did not know that he had done so until the starter engaged and the accident happened.

It further appears, without conflict, that appellant was not warned to keep away from the car while the respondent was underneath, and that the appellant mounted the crank case stand and began to remove the floor boards from the car for the purpose of tightening the brake bands; that he took out the boards in the customary way. After he had removed the front board and placed it on the seat, and as he raised the back board, it, in some manner, slipped from his grasp, struck the starter, and caused it to engage, with the results already stated.

The trial court, among other things, found:

"That while the plaintiff husband was underneath the defendant's automobile and out of the sight of the defendant Irvin Whidden, and without any knowledge on the part of the plaintiff husband of the movements or intention of the defendant Irvin Whidden, the defendant Irvin Whidden mounted the crank case stand and carelessly and negligently and without any warning to plaintiff and without any permission from the plaintiff, and while the plaintiff was in a dangerous position under defendant's automobile, and while the plaintiff's position was open and obvious to the defendant and to any one present, said defendant Irvin Whidden dropped a floor board or other object upon the electric starter attached to defendant's automobile and by such action started the motor of said automobile in action."

The appellant presents two questions here: (1) That the accident was unavoidable, and if not, (2) that the respondent assumed the risk or was guilty of contributory negligence, which will bar a recovery.

A very engaging argument is presented upon the first question, but our conclusion upon the second question makes it unnecessary to decide the first.

[1] If it be assumed that the appellant was negligent in working upon the car as he did, while the respondent was engaged under it, still we think, in view of the situation and the physical facts, which outweigh the spoken word, the respondent must have been fully cognizant of the situation. We cannot conceive of one working under a Ford car with his head against the engine, within a foot or two, at the farthest, from the floor boards, not knowing instantly of the first act in their removal. The noise, the vibration, the accession of light from above as the first board was lifted, must have instantly apprised the respondent of what was taking place, and if we accept his statement that consent was not asked or given, we are still convinced

that he knew, and must have known, just what appellant was doing, but that the danger was so remote that he did not anticipate that any harm would follow, and so now honestly thinks he did not know what was taking place. The physical facts are such as, when considered in connection with the equally balanced testimony upon that point, to make that part of the trial court's finding as to a want of knowledge against the weight of the evidence, and therefore unsustainable.

It follows that a mechanic, in his own shop, in full charge of a car, who continues his work while another is lifting the floor boards, with his knowledge and without protest, assumes the risk or is guilty of contributory negligence, and it seems unnecessary to determine whether, technically speaking, it is one or the other.

The judgment is reversed, with directions to dismiss the action.

MACKINTOSH, C. J., PARKER, and FRENCH, JJ., concur.